UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
PUTRA MASAGUNG and IMELDA MASAGUNG,

       Plaintiffs,

-against-

KEVO-JEAN AYVAZIAN and K.J.A. DIAMONDS INT'L CORP.,

       Defendants.
---------------------------------------- X

CASE NO. 08 Civ. 4049 (VM)

**APPLICATION FOR INTERIM AWARD OF LEGAL FEES AND DISBURSEMENTS AS PART OF JUDGMENT BY DEFAULT**

    Plaintiffs PUTRA MASAGUNG and IMELDA MASAGUNG ("collectively "Plaintiffs") submit this application for interim allowance of compensation for professional services rendered and reimbursement of expenses incurred associated with prosecuting this proceeding and respectfully represent:

**PRELIMINARY STATEMENT**

    1.    On April 29, 2008, Plaintiffs initiated this action by filing their complaint against Defendants.

    2.    As alleged in the complaint, the facts underlying the current action are as follows. In or around October 2003, the Plaintiffs and Defendants began discussing the possibility of entering into an agreement to purchase two rough diamonds and, after cutting and polishing them, sell them for a profit. In a fax dated October 21, 2003, Mr. Ayvazian made certain promises regarding the purchase of these two rough diamonds, including the promise to keep the Plaintiffs informed at every step of the cutting and polishing process. Because of Plaintiffs' inexperience in the rough diamonds industry, Plaintiffs reduced the agreement to

writing. On or about October 31, 2003, Plaintiffs and Defendants formalized their agreement by entering into a joint venture agreement (the "Joint Venture Agreement").

3. The Joint Venture Agreement provides what the Plaintiffs' and Defendants' rights and obligations are with respect to the two cut and polished diamonds that are the subject of the Joint Venture Agreement (the "Joint Venture Diamonds"). The Joint Venture Agreement also contained an indemnity provision, whereby Mr. Ayvazian and K.J.A. agreed to "jointly and severally indemnify and keep indemnified Mr. & Mrs. Masagung at all times against any loss they may suffer whatsoever and however arising from this venture." This provision of the Joint Venture Agreement is the basis for the Application. *See Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E. 2d 903, 05 (N.Y. 1989) (a contractual obligation to indemnify for attorney's fees in litigation between the parties to the indemnity will be inferred where the intention to indemnify "is unmistakably clear from the language of the promise" or where it is manifest from the surrounding facts and circumstances or purpose of the agreement); *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20-21 (2d Cir. 1996) (same); *Promuto v. Waste Mgmt., Inc.*, 44 F. Supp. 2d 628, 652 (S.D.N.Y. 1999) (finding that contract "plainly" allowed recovery of attorney's fees by indemnitee incurred in lawsuit against indemnitor).

4. On June 2, 2008, Plaintiffs applied to the Clerk of the Court to enter the Defendants' default. On June 3, 2008, the Clerk of the Court issued a certificate of default with respect to each defendant.

**DESCRIPTION OF THE WORK PERFORMED**

5. Starting in April 2006, based on Plaintiffs' information about Defendants' misconduct, Plaintiffs' counsel prepared and served a letter that demanded that Defendants

2

return the Joint Venture Diamonds to Plaintiffs or pay Plaintiffs what they were owed under the Joint Venture Agreement for the sale of the Joint Venture Diamonds.

6. In May through August 2006, Plaintiffs' counsel continued their efforts to obtain informally compensation from Defendants for their breach of the Joint Venture Agreement and related misconduct. In particular, Plaintiffs' counsel communicated with Larry West to gather further facts surrounding the events upon which Plaintiffs' complaint is based.

7. In December 2006, Plaintiffs' counsel drafted a debt workout agreement (the "Draft Debt Workout Agreement") for the payment of Defendants' debt with the proceeds of the sale of other diamonds, unrelated to the Joint Venture Diamonds, in Defendants' possession. Plaintiffs' counsel worked with Defendants and their counsel to negotiate and revise the Draft Debt Workout Agreement through November 2007.

8. Starting in March 2008, Plaintiffs incurred attorney fees in compiling all facts regarding the instant dispute with Defendants, drafting the complaint, and filing and serving the complaint and summons.

9. In May 2008, after Defendants' time to respond to the complaint had expired, Plaintiffs' counsel applied for entry of the Defendants' default, and pursued the concurrently filed application for a default judgment.

10. As of May 31, 2008, the above represents a fair summary of the work done by Plaintiffs' counsel. Plaintiffs will make a further application for fees and expenses when their efforts to secure a default judgment against Defendants have been completed.

**PLAINTIFFS' REQUEST FOR INTERIM COMPENSATION**

11. Reasonable attorneys' fees are generally determined by the "lodestar" method, in which the court multiplies the number of hours reasonably spent by an attorney or paralegal by

an appropriate hourly rate.  *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 2641, 120 L. Ed. 2d 449 (1992); *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994); *Cohen v. W. Haven Bd. Of Police Comm'rs*, 638 F.2d 496, 505 (2d Cir. 1980).  To determine whether time was reasonably spent, the court must evaluate the tasks and the time documented in counsel's contemporaneous time records in light of its general experience and its experience with the case.  *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1146-48 (2d Cir. 1983); *Santa Fe Natural Tobacco Co. v. Spitzer*, 2002 U.S. Dist. LEXIS 5384, Nos. 00 Civ. 7274 (LAP), 00 Civ. 7750 (LAP), 2002 WL 498631, at *3 (S.D.N.Y. Mar. 29, 2002); *Toys "R" Us, Inc*. v. Abir, 1999 U.S. Dist. LEXIS 1275, No. 97 Civ. 8673 (JGK), 1999 WL 61817, at *1 (S.D.N.Y. Feb. 10, 1999).  The reasonable hourly rate is ordinarily determined by the prevailing rates in the community for similar services by lawyers with comparable skill, experience, and reputation.  *See Blum v. Stenson,* 465 U.S. 886, 895 & n.11, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984); *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998); *Cruz*, 34 F.3d at 1159; Cohen, 638 F.2d at 505.  In deciding what reasonable rates are in the community, the court may rely upon its own knowledge of private firm hourly rates.  *See Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987); *Santa Fe Natural Tobacco*, 2002 U.S. Dist. LEXIS 5384, 2002 WL 498631, at *3.

12. As set forth in the accompanying declaration of Steven Skulnik, the reasonable (loadstar) amount of attorneys' fees that should be reimbursed by defendants for work performed through and including May 31, 2008 totals $80,753.50.  The hourly rates are the same as or lower than those commonly charged by plaintiffs' counsel to their regular clients.  Counsel also billed plaintiffs or incurred a total of $9,809.08 in out-of-pocket expenses in

4

connection with the attempts to recover for Defendants' misconduct and the prosecution of Plaintiffs' litigation.

13.     The lawyers who principally worked on this matter were Nicholas C. Unkovic (a partner with Squire, Sanders & Dempsey, admitted to the bar in 1976), whose current standard hourly rate is $700; Mark C. Dosker (a partner with Squire, Sanders & Dempsey, admitted to the bar in 1984) whose current standard hourly rate is $645; Jose L. Martin (a senior associate with Squire, Sanders & Dempsey, admitted to the bar in 1999), whose current standard hourly rate is $495; Xavier M. Brandwajn (an associate with Squire, Sanders & Dempsey, admitted to the bar in 2006), whose current standard hourly rate is $305; and Steven Skulnik (of counsel with Squire, Sanders & Dempsey, admitted to the bar in 1984), whose current standard hourly rate is $525.

14.     The fees and disbursements are reflected in invoices rendered and reports of unbilled time as follows:

| Invoice Date | Thru Date | Invoice No. | Professional Services | Disbursements | Total |
|---|---|---|---|---|---|
| 5/15/2006 | 4/30/2006 | 8181056 | $2,098.50 | $19.24 | $2,117.74 |
| 6/23/2006 | 5/31/2006 | 8190549 | $3,010.00 | $19.94 | $3,029.94 |
| 7/11/2006 | 6/30/2006 | 8194615 | $109.00 | $1.71 | $110.71 |
| 8/18/2006 | 7/31/2006 | 8205901 | $120.00 | $0.00 | $120.00 |
| 9/7/2006 | 8/30/2006 | 8209382 | $2,318.50 | $6.09 | $2,324.59 |
| 12/5/2006 | 11/30/2006 | 8232823 | $2,063.00 | $0.16 | $2,063.16 |
| 1/29/2007 | 12/31/2006 | 8246344 | $3,286.00 | $3.20 | $3,289.20 |
| 2/20/2007 | 1/31/2007 | 8252179 | $3,142.50 | $306.91 | $3,449.41 |
| 4/18/2007 | 3/31/2007 | 8266923 | $125.00 | $0.00 | $125.00 |
| 6/14/2007 | 10/31/2007 | 8282167 | $1,616.00 | $1.90 | $1,617.90 |
| 7/6/2007 | 11/30/2006 | 8288143 | $635.00 | $2.63 | $637.63 |
| 12/14/2007 | 12/31/2006 | 8335376 | $2,090.50 | $2.96 | $2,093.46 |
| 1/18/2008 | 1/31/2007 | 8341815 | $190.50 | $0.00 | $190.50 |
| 3/24/2008 | 2/29/2008 | 8358380 | $152.50 | $1.99 | $154.49 |

| Invoice Date | Thru Date | Invoice No. | Professional Services | Disbursements | Total |
|---|---|---|---|---|---|
| 3/31/2008 | 3/31/2008 | 8359666 | $14,086.00 | $5,193.14 | $19,279.14 |
| 5/20/2008 | 4/30/2008 | 8374643 | $36,541.50 | $2,838.23 | $39,379.73 |
| 6/19/2008 | 5/31/2008 | 8382298 | $9,169.00 | $1,410.98 | $10,579.85 |
|  |  | TOTALS | 80,753.50 | 9,809.08 | 90,562.58 |

Squire, Sanders & Dempsey's invoices and time records and expense back-up are attached as Exhibit A to the accompanying Declaration of Steven Skulnik.

15.     For all of the foregoing reasons and upon the evidence contained in the Skulnik Declaration, Plaintiffs' counsel respectfully request that the Court grant Plaintiffs' counsel's attorneys' fees request in the amount of $80,753.50, reflecting the hours expended at reasonable hourly rates on behalf of the Plaintiffs and the reimbursement of $9,809.08 of out-of pocket expenses for a total interim award of $90,562.58.

SQUIRE, SANDERS & DEMPSEY L.L.P.

July 18, 2008

By:_____
Steven Skulnik (SS 7821)

Attorneys for Plaintiffs
PUTRA MASAGUNG and IMELDA MASAGUNG
350 Park Avenue, 15th Floor
New York, NY  10022-6022
(212) 872-9800